**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Cynthia Goodroad,   )  | |
| ) | **ORDER GRANTING IN PART** |
| Plaintiff,   ) | **DEFENDANT'S MOTION FOR A** |
| ) | **MORE DEFINITE STATEMENT** |
| vs.   ) | |
| ) | |
| Tharaldson Lodging II, Inc., d/b/a   ) | |
| Jamestown Comfort Inn,   ) | Case No. 1:05-cv-110 |
| ) | |
| Defendant.   ) | |

Before the Court is the Defendant's "Motion for a More Definite Statement" filed on November 21, 2005. The Plaintiff filed a response on December 7, 2005. For the reasons set forth below, the motion is granted, in part.

I.   **BACKGROUND**

On October 21, 2005, the plaintiff, Cynthia Goodroad (Goodroad), filed suit in federal court against the defendant, Tharaldson Lodging II, Inc., d/b/a Jamestown Comfort Inn (Tharaldson Lodging). The complaint alleges that Goodroad was employed as a housekeeper at the Jamestown Comfort Inn and that during her employment she was sexually harassed by her direct supervisor and subsequently terminated from her employment. The complaint sets forth the following procedural history:

    4.    That after she was terminated for reporting the sexual harassment, she timely filed a complaint with the North Dakota Department of Labor, (NDDOL) alleging discrimination on the basis of sex (female) and sexual harassment under the North Dakota Human Rights Act, N.D.C.C. Chapter 14-02.4 as well as a concurrent violation of the Equal Employment Opportunity laws found in 42 U.S.C. § 2000(e) et seq. The NDDOL did not find sexual discrimination based on sexual harassment.

1

> 5. The Plaintiff timely appealed this determination to the EEOC, (Charge No. 32F-2003-00118), as a violation of the Equal Employment Opportunity laws found in 42 U.S.C. § 2000(e) et seq.
>
> 6. The EEOC issued its right to sue notice on July 27, 2005, making this action timely. (See attached.)[1]
>
> 7. That this case stems from discrimination and wrongful termination, namely that the Defendant took malicious and unjustified actions against the Plaintiff after she reported the sexual harassment to the area director, Bob Margheim, and that the harassment created an abusive working environment of her and the other female victims.
>
> 8. Specifically, the conduct of which she complained to the Defendant was: unwanted touching by Sorenson rubbing her shoulder or buttocks, touching her breasts, blocking the Plaintiff's path, placing himself in inappropriately close proximity to her, following her around, directing her attention, by both word and touch, to his genitals, commenting on the Plaintiff's anatomy, all the while she attempted to complete her work.

See Docket No. 1. ¶¶ 4-8. The remainder of the complaint sets forth Goodroad's request for damages.

On November 21, 2005, Tharaldson Lodging filed a motion for a more definite statement asserting that the complaint fails to set forth (1) the basis for the Court's personal and subject matter jurisdiction, (2) the legal theory of her claims, and (3) the legal basis for her claims.

## II.   LEGAL ANALYSIS

Rule 12(e) of the Federal Rules of Civil Procedure provides as follows:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details

---

[1] Although Goodroad references an attachment to her complaint, no attachment was filed or received by the Court.

2

Case 1:05-cv-00110-DLH-CSM   Document 8   Filed 12/22/05   Page 3 of 6

desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

It is well-established that motions for a more definite statement are generally disfavored in light of the liberal discovery available under the federal rules, and such motions are granted only when a party is unable to determine the issues requiring a response. Shaffer v. Eden, 209 F.R.D. 460, 464 (D. Kan. 2002) (citing Resolution Trust Corp. v. Thomas, 837 F. Supp. 354, 355 (D. Kan. 1993)). It is also well-established that "a Rule 12(e) motion cannot be used to require the pleader to set forth the statutes or judicial decisions upon which he intends to rely, even though the inclusion of statutory references often is desirable to demonstrate the existence of subject matter jurisdiction." See 5C Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, § 1377 (3d ed. 2004). Further, any attempt to use a Rule 12(e) motion for a more definite statement to tie the pleader down to a particular legal theory will be rejected as contrary to the philosophy of the federal rules, which do not require the claimant to settle upon a theory of his/her case at the pleading stage. Id.

A motion for a more definite statement must be balanced with the requirement in Rule 8(a) of the Federal Rules of Civil Procedure that the pleading be "a short and plain statement of the claim showing that the pleader is entitled to relief." Jackson Nat'l Life Ins. Co. v. Gofen & Glossberg, Inc., 882 F. Supp. 713, 726 (N.D. Ill. 1995). Rule 8(a) provides as follows:

> A pleading which sets forth a claims for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs to new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

3

In this case, there is no question that the complaint fails to set forth the basis for the Court's jurisdiction as required by Rule 8(a).[2] Neither 28 U.S.C. § 1331 (federal question jurisdiction) nor 28 U.S.C. § 1332 (diversity jurisdiction) are referenced in the complaint either by citation or general description. Nor is any other basis for federal jurisdiction referenced. The complaint does reference North Dakota law and federal law in a paragraph purporting to set forth the procedural history of the dispute. However, only through supposition could the reader conclude that the complaint alleges violations of both state and federal law and, as a result, purports to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. In her response, Goodroad states that the references to state and federal statutes in paragraphs 4, 5, and 6 of the complaint are the basis for the Court's jurisdiction but that assertion is incorrect. The mere reference in the complaint to administrative proceedings of the North Dakota Department of Labor or the EEOC, or a reference to the civil cover sheet, does not meet the minimal requirement of making a "short and plain statement" of the jurisdictional grounds as required under the rules. See Fed. R. Civ. P. 8(a).

While the complaint lacks clarity, the Court finds that the complaint, read in combination with Goodroad's response, arguably alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1331, federal question jurisdiction. In order to clarify the matter and avoid future confusion, the Court **ORDERS** Goodroad to file an amended complaint which clearly sets forth the basis for the Court's jurisdiction.

With respect to Tharaldson Lodging's assertion that Goodroad has failed to set forth the basis for the Court's exercise of personal jurisdiction, it is also clear that the complaint fails to properly

---

[2] In the response, Goodroad contends that the exception set forth in Rule 8(a)(1) applies and asserts that "the Court already has jurisdiction of this claim by virtue of the normal course of events on an EEOC claim." See Docket No. 6, p. 7. However, Goodroad fails to set forth any legal authority to support this proposition.

address the issue of personal jurisdiction.  As a general rule, a complaint will set forth the residence of each party and the basis for the exercise of personal jurisdiction over a non-resident party.  Given the Court's finding that an amended complaint needs to be filed, the Court also **ORDERS** Goodroad to set forth the basis for the exercise of personal jurisdiction over Tharaldson Lodging in the amended complaint.

Finally, Tharaldson Lodging asserts that Goodroad has failed to set forth the legal theory of her claims and the legal basis for such claims.  In response, Goodroad contends that she has set forth adequate facts to support her claims.  The Court interprets Tharaldson Lodging's motion as a request for Goodroad to set forth her particular causes of action rather than the facts supporting each cause of action.  The complaint adequately sets forth the alleged facts, but the recitation of the alleged causes of action is somewhat muddled.  Nevertheless, the Court expressly finds that the complaint, if read liberally, alleges claims of sex discrimination/sexual harassment, wrongful termination, and retaliation.  However, given the Court's earlier findings that an amended complaint is necessary, it would behoove Goodroad to attempt to more clearly set forth her causes of action in separate paragraphs as required by Rule 10(b) of the Federal Rules of Civil Procedure.  If the claims asserted are intended to be brought under both state law and federal law, then it should be clearly stated in the amended complaint.

### III.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** in part the Defendant's Motion for a More Definite Statement.  (Docket No. 4).  The Court **ORDERS** the Plaintiff to file an amended complaint clearly setting forth the basis for this Court's subject matter jurisdiction and personal

jurisdiction over the Defendant. The Plaintiff shall file her amended complaint on or before January 9, 2006.

**IT IS SO ORDERED.**

Dated this 22nd day of December, 2005.

Daniel L. Hovland, Chief Judge
United States District Court